UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOREEN E. STONE,<br><br>          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No.: 22CV669-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |

    The instant matter was initiated on May 12, 2022, when Plaintiff filed a complaint to seek judicial review of the Social Security Commissioner's final decision. ECF No. 1. Plaintiff "requests that this court [sic] reverse that decision, or in the alternative, [] remand this matter for a new hearing . . ." ECF No. 1 at 3. That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 2. Having reviewed the complaint and motion, the Court finds that Plaintiff has not established that she is unable to pay the $402 filing fee without impairing her ability to pay for life's necessities. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**.

    All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if

she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. Scher v. Saul, 2020 WL 8617415, at *1 (S.D. Cal., Sept. 22, 2020) (citing California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.")). It is well-settled that a party need not be completely destitute to proceed IFP. See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.1960)). To satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit of poverty is sufficient which states that one cannot because of his poverty pay or give security for costs and still be able to provide for himself and dependents with the necessities of life. Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Azizeh R. v. Saul, 2020 WL 8082422, at *1 (S.D. Cal., Oct. 19, 2020) (quoting Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984)). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some

particularity, definiteness, and certainty." Escobedo, 787 F.3d at 1234 (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981)).

Plaintiff has not satisfied her burden for demonstrating that she is entitled to IFP status. According to her Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff is not employed and receives $1,300 per month from early retirement. ECF No. 2 at 2. Further, Plaintiff has $4,352 in a joint checking account, $5,000 in a joint savings account, and co-owns a home valued at $400,000. Id. at 2-3. Plaintiff's monthly expenses include approximately $1,878 for the mortgage, $300 for utilities, $200 for home maintenance, approximately $350-$400 for food, $26 for newspapers, $1,878 for home insurance, $17.85 for life insurance, approximately $108 for motor vehicle insurance, and $278 for the car note, for an approximate total of $5,036 to $5,086.[1] Id. at 4. While Plaintiff's expenses total more than her current income, Plaintiff states that she uses her early retirement income to contribute to the household and her "mother pays everything else, using the monies in the joint bank account." Id. Plaintiff does not expect any major changes to her monthly income, expenses, assets, or liabilities over the next twelve months. Id. at 5. Based on the foregoing, the Court finds that Plaintiff has not established that she is unable to pay the $402 filing fee without impairing her ability to pay for life's necessities.

In light of the above, the Court **DENIES** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Plaintiff shall have until **June 16, 2022,** to pay the entire filing fee. If the filing fee is not paid by **June 16, 2022**, the Clerk of the Court shall dismiss the case without prejudice and close the case without further order from the Court.

**IT IS SO ORDERED**.

Dated: 5/19/2022

*Barbara F. Major*
Hon. Barbara L. Major
United States Magistrate Judge

---

[1] Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs states Plaintiff's total monthly expenses are $4,808. ECF No. 2 at 5. However, upon totaling the listed expenses, Plaintiff's monthly expenses are approximately $5,036 to $5,086. See id. at 4.