UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOREEN E. S.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No.: 22CV0669-BLM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER, 42 U.S.C. § 406(b)**<br><br>**[ECF Nos. 20, 22]** |

Currently before the Court is Plaintiff's August 28, 2025, Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 20 ("Mot.")] and Defendant's August 29, 2025, response [ECF No. 21 ("Response")], Plaintiff's Amended Motion [ECF No. 22 ("Amd. Mtn.")], and Defendant's response to the Amended Motion [ECF No. 24 ("Addt'l Response")]. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## **BACKGROUND**

On May 12, 2022, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her application for Social Security "disability insurance benefits and supplemental security income benefits" for lack of disability. ECF No. 1.

On October 13, 2022, the parties filed a Joint Motion for Voluntary Remand. ECF No. 15. On October 14, 2022, the Court granted the parties' Joint Motion for Voluntary Remand. ECF No. 16.

On November 16, 2022, the parties filed a Joint Motion for the Award Of Attorney Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412(d). ECF No. 18. The Court granted the parties' motion on November 16, 2022, and awarded Plaintiff attorney's fees and expenses in the total amount of $3,920 and costs in the amount of $402.00, subject to the terms of the parties' joint motion [see ECF No. 15]. ECF No. 16. On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff approximately $71,262.00 in past due benefits. Mot. at 5.

## PLAINTIFF'S POSITION

Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,800[1] with a credit to Plaintiff for the EAJA fees previously paid in the amount of $3,920. Mot. at 5. Plaintiff argues that the $7,800.00 request is reasonable in light of the work performed and the results achieved. Id. at 5-12. Plaintiff notes that her counsel spent 18 hours working the case before the District Court. Id. at 20-4 (Time Records); see also Declaration of Lawrence D. Rohlfing ("Rohlfing Decl.") at ¶ 5. Plaintiff's counsel seeks approximately 11% of the net payable past due benefits under the terms of the contingency fee agreement ($7,800 based on the 71,262.00 judgment). Amd. Mot. at 1.

## DEFENDANT'S POSITION

Defendant states in both responses to Plaintiff's Motion that it "neither supports nor opposes counsel's request for attorney fees in the amount of [$7,800] under 42 U.S.C. section 406(b)." ECF No. 21 at 2; ECF No. 24 at 2; Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. section 406(b) is reasonable under the law." ECF No. 21 at 2. Defendant states that in reaching its finding, the Court must consider the character of the representation and results achieved, whether counsel was responsible for delay,

---

[1] In Plaintiff's original motion she sought attorney fees in the amount of $10,000 but her amended motion reduced the amount sought to $7,800. ECF Nos. 20, 22.

and whether the benefits were large in comparison to the time expended by counsel. Id. Defendant further notes that "[w]hen an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. section 406(b), the attorney must refund the smaller fee awarded to the claimant." Id. at 4.

## LEGAL STANDARD

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and § 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 789.

## **ANALYSIS**

The Court finds that Plaintiff's fee request is reasonable. On April 20, 2022, Plaintiff entered into a Social Security Representation Agreement with counsel wherein she agreed that if her matter required judicial review of an adverse decision of the Social Security administration, the "fee for successful prosecution of this matter" is "**25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court**." Rohlfing Decl., Ex. 1, Contingent Federal Court Attorney-Client Fee Agreement (emphasis in original). Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. See Crawford, 586 F.3d at 1151–52. Before Plaintiff's counsel drafted and filed a Merits Brief, the parties filed a Joint Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 15. The district court granted this joint motion. ECF No. 16. On remand, a fully favorable decision for his client was achieved and Plaintiff was granted $71,262.00 in retroactive disability benefits. ECF No. 20-2 ("Notice of Award"); see also Mot. at 5. This is a successful result for Plaintiff that would not have been achieved with a substandard performance by Plaintiff's counsel.

Upon review of the documents submitted, the Court finds that counsel's fee request is reasonable. The Court notes that Plaintiff's counsel and his paralegal expended 18 hours on this matter. ECF No. 20-4. Plaintiff's counsel's *de facto* hourly rate of $433.33 is on the lower end of the range that has been approved in similar cases, including cases in this district. See Crawford v. Astrue, 586 F.3d 1142, 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009); Jenks v. Bisignano, No. 20cv1432-AJB-BLM, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (approving de facto hourly rate of $1,224.37 and noting that although this "rate is on the higher end, it is within the range of hourly rates approved by other

courts in the Ninth Circuit"); Lopez v. Bisignano, No. 23cv2140-AHG, 2025 WL 2231247, at *2 (S.D. Cal. Aug. 5, 2025) (approving de facto hourly rate of $761.72); Villalpando v. Kijakazi, No. 22cv0004-AGS, 2025 WL 1677776, at *1 (S.D. Cal. June 12, 2025) (approving de facto rate of $2,535.21 even though it is "high" it is "not grossly outside the norm of what courts often approve."). Plaintiff's counsel spent a reasonable amount of time – 18 hours - working on this matter to achieve a successful result. Rohlfing Decl. at ¶ 5; ECF No 20 at 16. Counsel has submitted a detailed billing statement in support of the requested fee that the Court has reviewed. Id., Ex. 4. There is nothing in the billing statement showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151–52. There is also no evidence or indication that Plaintiff's counsel's work was inferior, that he engaged in dilatory conduct, or that he delayed the proceedings to potentially incur more fees. Accordingly, none of the factors the Court considers for reasonableness favor reducing the fee award.

In further support of its finding, the Court notes that taking Plaintiff's case on a contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when she sought review in this Court. The hourly rate is not high, the amount of the fees requested does not exceed the 25 percent statutory cap and, in fact, is 14 percent less than the statutory cap. Furthermore, Plaintiff filed no objection to the request, and counsel achieved excellent results for his client.

## **CONCLUSION**

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully got the matter remanded, received an order for retroactive benefits of $71,262.00 for his client, and seeks 11% of the past due benefits. Accordingly, the Court finds that a downward adjustment of the requested fee is not appropriate, and **GRANTS** Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). ECF Nos. 20, 22. The Court awards to Lawrence D. Rohlfing DBA Law Offices of Lawrence D. Rohlfing, Inc., CPC fees in the amount of $7,800.00. The Court orders Lawrence D. Rohlfing DBA Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Noreen E. Stone the amount of $3,920.00 for EAJA fees previously received.

**IT IS SO ORDERED.**

Dated: 10/6/2025

Hon. Barbara L. Major
United States Magistrate Judge